UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br>Plaintiff, <br><br>v. <br><br>SERGIO MOREIRA MARTINEZ, <br><br>Defendant. | Case No.  14-cv-03939-BLF <br><br>**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT** <br><br>[Re: ECF 32] |

Before the Court is plaintiff J & J Sports Productions, Inc.'s Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e).  Pl.'s Mot., ECF 32.  Plaintiff, having obtained default judgment against defendant Sergio Moreira Martinez in the amount of $4,450, contends that the Court erred in its assessment of damages and requests that the Court amend the judgment to award Plaintiff $22,600 instead.  *Id.*

Under Rule 59(e), a motion to alter or amend judgment "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).  The rule "may not be used to relitigate old matters, or raise arguments or present evidence that could have been raised prior to entry of final judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008).

Plaintiff identifies no new evidence or intervening change in the controlling law warranting reconsideration.  Instead, Plaintiff contends that the Court erred in concluding that though Plaintiff alleged claims under both 47 U.S.C. §§ 553 and 605, damages should only be assessed under § 553 because Plaintiff failed to demonstrate that Defendant intercepted satellite transmissions.  *See* Order on Default J. (hereinafter, "Order") at 5, ECF 30.  Plaintiff acknowledges that courts in this

1  district routinely award damages under § 553 where Plaintiff alleges claims under both statutes but
2  fails to raise a reasonable inference through its pleadings or evidence that satellite, as opposed to
3  cable, transmissions were intercepted.  Plaintiff fails to distinguish the claims in this case from
4  those in the other well-reasoned cases.  Pl.'s Mot. 4-5.  Indeed, as this Court observed in its order
5  granting default judgment, Plaintiff's own investigator did not see a satellite dish on the property.
6  Order at 5.  Given the evidentiary failings, there was no error in concluding that the only
7  reasonable inference to be drawn from the pleadings and the evidence is a violation of § 553.

8        As to Plaintiff's objection to the amount of damages awarded, the general rule is that a
9  default admits liability but not the amount of damages.  *Geddes v. United Fin. Grp.*, 559 F.2d 557,
10 560 (9th Cir. 1977); *Kingvision Pay-Per-View, Ltd. v. Backman,* 102 F. Supp. 2d 1196, 1198
11 (N.D. Cal. 2000).  In determining the amount of damages, courts have considerable discretion to
12 consider competent evidence and other papers submitted with a motion for default judgment.
13 *Geddes*, 559 F.3d at 560; *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).
14 To support its claim for damages, Plaintiff rested on the allegations in the Complaint and the
15 declaration of its investigator, who was in Defendant's establishment for five minutes.  The Court
16 concluded this evidence did not support the requested award of maximum statutory penalties and
17 enhanced damages.  Order at 5-8.  Plaintiff's arguments challenging that assessment fail to address
18 its own evidentiary failings and amount to no more than a disagreement with this Court's
19 discretionary determination, in light of the relevant factors and the evidence before it, of a just
20 statutory award founded in the evidence and with the Court's declination to impose enhanced
21 damages.  That disagreement is no basis for amending or altering a judgment.

22       Plaintiff's Motion to Alter or Amend Judgment is accordingly DENIED.
23       **IT IS SO ORDERED.**
24 Dated: September 11, 2015

                                                  BETH LABSON FREEMAN
                                                  United States District Judge

United States District Court
Northern District of California